UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CASEY D COOTS,<br><br>                      Plaintiff,<br><br>  v.<br><br>JOHN DOE CITY OF CHEHALIS POLICE OFFICER, JOHN DOE LEWIS COUNTY JAIL CORRECTIONS OFFICER,<br><br>                      Defendants. | No. C14-5547 BHS-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: December 5, 2014** |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

The undersigned recommends dismissal of this action because plaintiff failed to identify any defendant by name in his amended complaint and the Court cannot serve unnamed defendants. *Pro se* plaintiff Casey Coots, proceeding *in forma pauperis,* brings this 42 U.S.C. § 1983 civil rights action alleging that his civil rights were violated when John Doe Defendants did not adequately investigate his allegation that he had been raped by a resident at the Adult Behavioral Health Services facility in Chehalis prior to plaintiff being arrested for leaving the facility. Dkt. 9, pp. 12-21. Plaintiff's Community Correction Officer had allegedly placed him

REPORT AND RECOMMENDATION - 1

in that facility and plaintiff left without permission. Dkt. 9, p. 9. The unnamed defendants are a Chehalis Police Officer and a Corrections Officer at the Lewis County Jail.

On September 5, 2014, the undersigned ordered plaintiff to file an amended complaint that identified defendants by name and not by job title. Dkt. 10. The court cannot serve John or Jane Doe defendants. The undersigned told plaintiff that he needed to file "an amended complaint that identifies each person he is suing by name and he must provide operative facts explaining why each person is individually liable." Dkt. 10. The Court also informed plaintiff that if he failed to file an amended complaint on or before October 10, 2014, it would file a Report and Recommendation to dismiss the action for failure to comply with a court order and failure to prosecute. Dkt. 10. As of November 17, 2014 plaintiff has failed to comply with the order to amend his complaint.

## DISCUSSION

Fed. R. Civ. P. 41(b) provides for dismissal of an action for failure to comply with a court order. The undersigned ordered Mr. Coots to cure defects in his complaint, name individual persons and Mr. Coots has failed to comply. Dkt. 10. The September 5, 2014 order spelled out the defects in the original complaint and told plaintiff what he needed to do to correct those defects. Dkt. 10. It is now four months after the complaint was filed in this action and the plaintiff has not provided a complaint that can be served. The complaint has not made it past the initial screening phase set forth in 28 U.S.C. § 1915A.

Dismissal pursuant to Fed. R. Civ. P. 41(b) acts as adjudication on the merits unless the order states otherwise. *See* Fed. R. Civ. P. 41(b). Plaintiff did not comply with the Court's order to cure the defects in his complaint. Accordingly the undersigned recommends dismissal of this action with prejudice.

//

REPORT AND RECOMMENDATION - 2

**CONCLUSION**

Plaintiff has been given ample opportunity to cure the defects in his complaint and he was given guidance regarding the defects he needed to cure, yet he failed to file an amended complaint. The undersigned recommends that this case be **dismissed with prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 5, 2014,** as noted in the caption.

**DATED** this 18th day of November, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3